Meyer, J.
(dissenting). The incompetence of defendant’s trial attorney is made clear by his own testimony (1) that he told defendant “that no one could ever use these statements that he had made that night against him; that he was in no jeopardy whatsoever * * * by giving these statements; that it can only help him and not hurt him” and (2) that before he gave the statements on March 5, 1978, defendant was granted immunity for any statement *169 given by Captain Scheeman and Investigator Gannon on behalf of the Albany County District Attorney’s office. The fact, noted in the majority’s footnote 4, that defendant’s present attorney no longer presses the latter argument only emphasizes the trial attorney’s incompetence, for the March 5 meeting was a “criminal proceeding, other than a grand jury proceeding” and, therefore, under CPL 50.30, immunity turned on court approval, at the request of the District Attorney and, thus, was not within the competence of Scheeman and Gannon to give, even had they been employees of the Albany County District Attorney, which they were not.
The more particularly is this so in view of the prior negotiations of the attorney with the Albany County District Attorney, which had ended with harsh words. That the Albany District Attorney would have consented if asked was, therefore, highly improbable. The attorney’s strategy was hopelessly defective without that consent, yet without it he advised defendant that “no one” could use his statements. His ignorance of the law readily distinguishes the present case from People v Baldi (54 NY2d 137) on which the majority relies.
I would reverse and order a new trial.
Chief Judge Cooke and Judges Jones, Wachtler and Simons concur with Judge Jasen; Judge Meyer dissents and votes to reverse in a separate opinion.
Order affirmed.